```
1  BRADLEY J. MULLINS (CA SBN 274219)
     bym@msk.com
2  GABRIELLA N. ISMAJ (CA SBN 301594)
     gan@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Defendant
   Guns N' Roses
7
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Alan G. Niven, an individual, | CASE NO. 3:25-cv-08236-SMM |
|---|---|
| Plaintiff, | Senior Judge: Hon. Stephen M. McNamee |
| v. | **DEFENDANT GUNS N' ROSES' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Guns N' Roses, a California partnership, and Does 1-10, inclusive, | |
| Defendant. | |
| | *[Declaration of Gabriella N. Ismaj; Declaration of Fernando Lebeis; and [Proposed] Order filed concurrently herewith]* |
| | **Oral Argument Requested** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Guns N' Roses ("Defendant" or "GNR") hereby moves to dismiss the Complaint of Plaintiff Alan G. Niven ("Plaintiff") in its entirety for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, Defendant hereby moves the Court for an Order transferring this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

This Motion is made, *inter alia*, on the following grounds:

Plaintiff cannot establish personal jurisdiction over GNR. GNR, which is a California partnership with its principal place of business in Tennessee, is not "essentially at home" in Arizona such that general jurisdiction can be conferred over it. As for specific jurisdiction, none of Plaintiff's alleged harms arise out of any Arizona-related activity. To the contrary, all of the alleged events in the Complaint took place outside of Arizona, such that Plaintiff's claims cannot "relate to" Arizona. Moreover, the April 26, 1991 Settlement Agreement and Mutual Release (the "1991 Settlement Agreement") underlying Plaintiff's first two causes of action was necessarily drafted, negotiated, and executed in California, where the parties' working relationship originated and their dealings took place. The only connection to Arizona is Plaintiff's residency, which is insufficient. Plaintiff cannot satisfy his burden of showing that GNR "purposefully availed" itself of Arizona's laws, "purposefully directed" its activities towards Arizona, or that his claims arise out of GNR's "forum-related activities," as no such activities exist.

In the alternative, GNR requests that the Court transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). The factors of convenience and fairness favor transfer to the Central District of California because, *inter alia*, (i) multiple partners of GNR are located in California, as are their relevant documents; (ii) as the Complaint concedes, GNR's working

relationship with Plaintiff also originated in California, and thus it is likely that other potential witnesses and documents relevant to this action are also located there; (iii) many of the facts underlying Plaintiff's claims are tied to California; and (iv) the time to trial in the Central District of California is over a year and a half shorter than in Arizona. Plaintiff's choice of forum is not determinative here because the operative facts did not occur in Arizona and thus, Arizona has no particular interest in this action. Plaintiff has also effectively conceded the convenience of California courts by initiating several prior lawsuits there.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support thereof, the Declaration of Gabriella N. Ismaj ("Ismaj Decl."), the Declaration of Fernando Lebeis ("Lebeis Decl."), the pleadings and orders in the Court's files for this case, any matters on which the Court may or must take judicial notice, any Reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

DATED: MARCH 13, 2026

BRADLEY J. MULLINS
GABRIELLA N. ISMAJ
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ *Gabriella N. Ismaj*
Bradley J. Mullins
Gabriella N. Ismaj
Attorneys for Defendant Guns N' Roses

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alan G. Niven ("Plaintiff" or "Niven") has no basis to bring this action against Defendant Guns N' Roses ("Defendant" or "GNR") in Arizona. GNR is indisputably not subject to personal jurisdiction in this state. GNR, a California partnership with its principal place of business in Tennessee, is not "essentially at home" in Arizona to confer general personal jurisdiction. None of GNR's partners reside in Arizona, nor does GNR have any offices, employees or operations in Arizona. As for specific jurisdiction, Plaintiff's alleged harms did not arise out of any Arizona-related activity. To the contrary, all of the alleged events in the Complaint took place outside of Arizona. As such, Plaintiff cannot satisfy his burden of showing that GNR "purposefully availed" itself of Arizona's laws, "purposefully directed" its alleged activities towards Arizona, or that his claims arise out of GNR's "forum-related activities," as no such activities exist. The Complaint should be dismissed.

In the alternative, GNR requests that the Court transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Here, the factors of convenience and fairness favor transfer. Again, GNR is a California partnership and multiple partners of GNR are located in California, as are their relevant documents. Moreover, as the Complaint concedes, GNR's working relationship with Plaintiff also originated in California, and thus it is likely that other potential witnesses and documents relevant to this action are also located there. Plaintiff's choice of forum is not determinative here because the operative facts did not occur in Arizona and thus, Arizona has no particular interest in this action; on the other hand, many of the facts underlying Plaintiff's claims are tied to California. The Central District of California is clearly the more convenient and reasonable forum for Plaintiff to bring his claims.

## II. FACTUAL BACKGROUND[1]

Plaintiff Alan G. Niven ("Plaintiff" or "Niven") alleges that, from 1985-1991, he was music manager of Los Angeles based hard rock band Guns N' Roses ("Defendant" or "GNR"). Compl. ¶¶ 2, 15. Plaintiff further alleges that in 1991, Plaintiff and GNR decided to part ways, and on or about April 26, 1991, Plaintiff and his company, on the one hand, and the band members of GNR, on the other hand, entered into a Settlement Agreement and Mutual Release (the "1991 Settlement Agreement"). *Id.* ¶ 16. The 1991 Settlement Agreement contained a broad "Privacy/Confidentiality" provision, whereby Plaintiff agreed not to disclose and to maintain confidential any information acquired by Plaintiff in connection with the services he performed for GNR. *Id.* ¶ 17.

Plaintiff further alleges that he has written an autobiography entitled *Sound N' Fury: Rock N' Roll Stories*, that has been printed by Toronto-based ECW Press. Compl. ¶¶ 3, 25. Plaintiff alleges that *Sound N' Fury* consists of anecdotes about his career, including stories involving the members of GNR. *Id.* Plaintiff alleges that, on May 9, 2025, GNR's attorney sent a letter to Plaintiff stating that his publication of *Sound N' Fury* violates the confidentiality provision of the 1991 Settlement Agreement and demanding that Plaintiff cease from publishing or promoting his book. *Id.* ¶¶ 4, 26. Plaintiff further alleges that, as a result, the distribution of *Sound N' Fury* has been delayed. *Id.* ¶¶ 4, 27.

On November 4, 2025, Plaintiff commenced this action. In the Complaint, Plaintiff asserts two claims for declaratory judgment (Compl. ¶¶ 33-37 & 38-43), which seek declarations that (i) the 1991 Settlement Agreement and/or its confidentiality provision are void and unenforceable, and (ii) Plaintiff's publication of *Sound N' Fury* does not breach the 1991 Settlement Agreement, and if it does,

---

[1] Unless noted, all emphases are added and all citations and quotation marks are omitted. Any factual allegations taken from the Complaint are presumed true solely for purposes of this Motion.

any breach is excused on the basis of estoppel, waiver, statute of limitations or freedom of speech. *Id.*, Prayer for Relief, ¶¶ 1-2. Plaintiff also asserts a claim for tortious interference with Plaintiff's contract with ECW Press. *Id.* ¶¶ 44-50.

### III.  THE COURT LACKS PERSONAL JURISDICTION OVER GNR

The Court should dismiss this action against GNR pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). It is thus Plaintiff's burden to establish at least one of the "two types of personal jurisdiction: general and specific," for every claim. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 255 (2017). To satisfy that burden, Plaintiff must make a prima facie showing of jurisdictional facts. In determining whether this burden has been satisfied, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011), overruled on other grounds by *Walden v. Fiore*, 571 U.S. 277 (2014). "[D]isputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." *Ama Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020), overruled on other grounds by *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025).[2]

---

[2] "Where … there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. Because the reach of Arizona's long-arm jurisdictional statute "provides for personal jurisdiction co-extensive with the limits of federal due process," the jurisdictional analyses under state law and (…continued)

The Complaint does not contain any allegations whatsoever demonstrating personal jurisdiction over GNR in Arizona. There are no allegations that GNR has any inherent interest in, or ties to, Arizona, or that it does or has done business or undertaken any activities in Arizona. There are likewise no allegations that GNR "purposefully directed" its activities to Arizona or that Plaintiff's claims arise from GNR's Arizona activities, as none exist. The Complaint should be dismissed on this basis.

### A. GNR Is Not Subject To General Jurisdiction.

GNR is not subject to general jurisdiction in Arizona, which requires that GNR maintain "continuous and systematic" contacts with the forum state even when the causes of action have no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Importantly, where the forum is not a defendant's place of creation or principal place of business, general jurisdiction is only possible in "***exceptional case[s]***" where the defendant's operations in the forum are "***so substantial*** and of such a nature as to render the corporation at home in that State." *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014); *In re Packaged Seafood Products Antitrust Litig.*, 338 F. Supp. 3d 1118, 1139 n.14 (S.D. Cal. 2018) ("courts apply Daimler to non-corporate business entities" and collecting cases).

Plaintiff does not allege any facts connecting GNR to Arizona, much less "continuous or systematic" ones. Plaintiff does not allege that GNR is an Arizona partnership (it is not) or that it maintains its principal place of business in Arizona (it does not). To the contrary, Plaintiff admits that GNR is a California partnership (Compl. ¶ 9), and its principal place of business is in Tennessee. Declaration of Fernando Lebeis ("Lebeis Decl."), ¶ 5. None of GNR's partners reside in Arizona, nor does GNR have any operations, offices or employees in Arizona. *Id.*, ¶ 6.

---

federal due process are the same. *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

### B. GNR Is Not Subject To Specific Jurisdiction

There is likewise no specific jurisdiction over GNR. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation'" (*Axiom Foods, Inc. v. Acerchem Int'l Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)), and "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction" (*Bristol-Myers*, 582 U.S. at 262). Due process requires a **direct connection** between the alleged harm and the defendant's contacts with the forum state. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 264; *see also Schwarzenegger*, 374 F.3d at 802 ("claim must be one which arises out of or relates to the defendant's forum-related activities" and "the exercise of jurisdiction must comport with fair play and substantial justice"); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("As [plaintiff] does not argue [defendant's] contacts with [the forum] give rise to or relate to her cause of action, specific jurisdiction is not at issue."). While courts must consider "the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice[,] . . . the 'primary concern'" in evaluating specific jurisdiction "is 'the burden on the defendant.'" *Bristol-Myers*, 582 U.S. at 263.

There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either "purposefully direct [its] activities" toward the forum or "purposefully avail[] [itself] of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods*, 874 F.3d at 1068. Plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If

Mitchell Silberberg & Knupp LLP

21421302.6

Plaintiff meets that burden, "the burden then shifts to" GNR "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*.

The "purposeful availment" analysis is most often used in suits sounding in contract and the "purposeful direction" analysis, often referred to as the "effects" test, is most often used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802; *Axiom Foods*, 874 F.3d at 1069. Here, Plaintiff asserts claims sounding in both contract and tort. But regardless of which test applies, Plaintiff cannot meet his burden of establishing personal jurisdiction under either test.

### 1. GNR did not purposefully avail itself of the privilege of conducting activities in Arizona.

"Purposeful availment" exists when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," and in return "submit[s] to the burdens of litigation" in the forum state. *Schwarzenegger*, 374 F.3d at 802; *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) (same). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Complaint does not allege *any* forum-related activities by GNR. To the contrary, the Complaint concedes that all of the alleged activities at issue occurred outside of the state of Arizona, such that Plaintiff's claims do not, and cannot, "relate to" Arizona. *See, e.g.*, Compl. ¶¶ 12-16 (allegations regarding Plaintiff's work with GNR in Los Angeles, California); ¶ 25 ("[Plaintiff] entered an agreement with ECW Press, based in Toronto, Canada."); ¶ 26 ("Defendants' attorney," located in California, "sent a letter to Plaintiff['s] counsel," also located in California, "stating that Plaintiff had violated the Agreement"). Presumably, the 1991 Settlement Agreement underlying Plaintiff's first two causes of action was

drafted, negotiated, and executed in California, where Plaintiff and GNR's working relationship originated and where the relevant dealings took place.

The law is clear—there can be no purposeful availment under these facts. *See, e.g., McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (no purposeful availment where (1) contract was negotiated in England; (2) contract made no reference to U.S. as place for resolution of disputes; and (3) no authorized agents were alleged to have performed any part of the contract in California); *Issod v. Diagem Resources Corp.*, 2006 WL 1788374, at *4 (D. Nev. June 26, 2006) (no purposeful availment where agreements governed by Canadian law, and Defendant's obligations were to be performed in Canada and Brazil). The only connection to Arizona is Plaintiff's *current* residency, which is insufficient, especially given that Plaintiff was located in California at the time of execution. *See*, *e.g.*, Compl., ¶ 2; *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff … standing alone is an insufficient basis for jurisdiction."); *Burger King*, 471 U.S. at 463 ("an individual's contract with an out-of-state party cannot *alone* automatically establish sufficient minimum contacts"); *Davis*, 71 F.4th at 1163 (no purposeful availment despite agreement with Idaho resident where "no evidence that Cranfield sought out Tamarack in Idaho or benefitted from Tamarack's residence in Idaho" and "[n]either the contract's negotiations, terms, nor contemplated consequences establish that Cranfield formed a substantial connection with Idaho.").

## 2. GNR did not purposefully direct its conduct to Arizona.

To satisfy the purposeful direction "effects" test, GNR must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069. None of these elements are satisfied here. First, GNR did not commit an intentional act expressly aimed at Arizona. The Complaint does not allege—nor could it—that any of Plaintiff's alleged harms arose out of any

Arizona-related activity. Again, Plaintiff's residency cannot be the only connection with Arizona. *See Walden*, 571 U.S. at 289 (defendant's actions in another location "did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections"); *Bristol-Myers*, 582 U.S. at 265 (similar). This is because providing this type of jurisdictional hook would "obscure[e] the reality that none of petitioner's challenged conduct had anything to do with [Arizona] itself." *Walden*, 571 U.S. at 278.

### 3. Plaintiff's claims do not arise from forum-state activities.

Dovetailing with the lack of purported harm felt in Arizona, Plaintiff cannot satisfy prong two, demonstrating his harms "arise[] out of or relate to" GNR's "forum related activities," as there indisputably are no "forum related activities" by GNR alleged in the Complaint. *See generally* ECF 1. The only connection this case has to Arizona is Plaintiff's alleged current residence, which as detailed above, is insufficient. *See, e.g., Schwarzenegger*, 374 F.3d at 807 ("It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction"); *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Because the episode-in-suit, the bus accident, occurred in France, and the tire alleged to have caused the accident was manufactured and sold abroad, North Carolina courts lacked specific jurisdiction to adjudicate the controversy."). Thus, Plaintiff cannot satisfy the second prong of the specific jurisdiction analysis, and dismissal is warranted.

### 4. Jurisdiction cannot be reasonable because Plaintiff cannot meet his burden under the first two prongs of the specific jurisdiction test.

Because Plaintiff cannot satisfy the first two prongs, the Court need not assess whether the exercise of jurisdiction over GNR would be reasonable under

Mitchell Silberberg & Knupp LLP

21421302.6

the third prong. However, even if the Court did reach the third prong of this analysis, the exercise of jurisdiction over GNR, a partnership created in California and which maintains its principal place of business in Tennessee, and which is not alleged to have committed any intentional acts in or directed towards Arizona, would be, without question, entirely unreasonable and contrary to law. *See, e.g.*, *Shull v. Univ. of Queensland*, 2019 WL 3502889, at *3-4 (D. Nev. July 31, 2019) ("It would be unfair and unreasonable under the circumstances of this case to force the defendants to be haled into court" in Nevada where "defendants are not connected to Nevada in any jurisdictionally meaningful way" and "[n]othing could have suggested to the defendants that they would later be expected to defend themselves in a Nevada court.").

\*       \*       \*

In sum, Plaintiff cannot meet his *prima facie* burden that it comports with the notions of "fair play and substantial justice" for this Court to exercise personal jurisdiction over GNR simply because Plaintiff resides in Arizona. Dismissal of this action is therefore proper.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

As set forth above, this Court lacks personal jurisdiction over GNR, and this action should be dismissed. In the alternative, the Court should transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

The district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of the parties and witnesses" or "in the interest of justice[.]" 28 U.S.C. § 1404(a); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Courts perform a two-step inquiry to evaluate whether transfer is appropriate. First, the party seeking transfer must establish that the action could have been brought in the district to which transfer is sought. *Van Dusen v. Barrack*, 376 U.S. 612, 620 (1964). Once

the propriety of the transferee venue has been established, courts consider a number of private and public factors—discussed *infra*—but there is no rigid set of criteria or dispositive consideration. *Jones*, 211 F.3d at 498. Rather, the transfer analysis is "individualized" and requires "case-by-case consideration of convenience and fairness[.]" *Van Dusen*, 376 U.S. at 622; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) ("case-specific factors"). Ultimately, the purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen*, 376 U.S. at 616.

As explained below, analysis of the relevant factors supports transfer of this action to the Central District of California.

### A. Plaintiff Could Have Filed This Action In California

The threshold question under Section 1404(a), whether the action "might have been brought" in the first instance in the transferee district, is satisfied here. An action "might have been brought" in any jurisdiction that has personal jurisdiction over the defendants, subject matter jurisdiction over the claims, and where venue is proper. *Chodock v. Am. Economy Ins. Co.*, 2005 WL 2994451, at *2 (D. Ariz. Nov. 7, 2005).

Plaintiff could have brought this action in the Central District of California. The Central District would be an appropriate (and, as explained below, far more convenient) venue, as GNR is a California partnership and is subject to personal jurisdiction there. Additionally, the Central District of California would have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, Plaintiff surely could have filed this action in the Central District of California.

### B. Transfer Would Best Serve the Convenience of the Parties and Witnesses and Is In the Interest of Justice

The factors relevant to the transfer analysis confirm that transfer to the Central District of California would best serve the convenience of the parties and witnesses and the interest of justice.

The factors that courts frequently consider include: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to evidence, (5) familiarity of each forum with the applicable law, (6) any local interest in the controversy, and (7) relative court congestion and time of trial in each forum. *See, e.g.*, *Pierucci v. Homes.com Incorporated*, 2020 WL 5439534, at *3 (D. Ariz. Sept. 10, 2020); *see also Jones*, 211 F.3d at 498-99 (providing a similar list of factors and noting "that the relevant public policy of the forum state" may be a relevant consideration). These factors favor transfer to the Central District of California.

First, the Central District of California is far more convenient for the parties and witnesses. As set forth *supra*, GNR is a California partnership. Lebeis Decl., ¶ 5. It has no offices, operations, or employees in Arizona; rather, multiple partners of GNR are located in California, as are their relevant documents. *Id.* ¶¶ 6-7. Besides Plaintiff, GNR is not aware of any witnesses or evidence that would be located in Arizona. On the other hand, some very well may be located in California, where the Complaint concedes the parties' working relationship originated. Moreover, in the last five years, Plaintiff has availed himself of courts in the Central District of California to litigate claims on at least **3** occasions, *see* Ismaj Decl., ¶ 7, effectively conceding the convenience of the Central District even for himself. As such, this factor, which is "often recognized as the most important favor to be considered," heavily favors transfer. *Leyvas v. Bezy*, 2008 WL 2026276, at *3 (D. Ariz. May 9, 2008).

Plaintiff's choice of forum is not determinative here; rather, is it entitled "only to *minimal* consideration," because, as the Complaint makes clear, "the operative facts have not occurred within [Arizona]" and Arizona thus "has no particular interest in the parties or the subject matter." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005) ("[W]here the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").

Plaintiff has not alleged that any operative facts underlying this dispute occurred in Arizona; to the contrary, many of the facts underlying Plaintiff's claims are tied to California. As the Complaint concedes, the parties' working relationship originated in California, and that is presumably where the 1991 Settlement Agreement was drafted and negotiated. *See, e.g.*, Compl. ¶¶ 12-13 (allegations regarding Plaintiff's work with GNR in Los Angeles, California); *see also*, *Chodock*, 2005 WL 2994451, at *3 (transfer to Indiana warranted where "insurance policy at issue … was negotiated and executed in Indiana" and laws of Indiana would likely apply to claims). "Here, the only connection to Arizona is it is where [P]laintiff resides. None of the acts complained of in [P]laintiff's complaint took place in Arizona and [P]laintiff did not live in Arizona when those acts occurred. Thus, little deference will be given to [P]laintiff's choice of an Arizona forum." *Koval v. United States*, 2013 WL 6385595, at *3 (D. Ariz. Dec. 6, 2013). The Central District of California is clearly the more convenient and reasonable forum for Plaintiff to bring his claims.

California also has a stronger interest in this action than Arizona. GNR is a California partnership, and thus, California has a strong interest in the proper application of its laws to persons doing business within its jurisdiction.

Moreover, as a practical matter, proceeding in the Central District of California would undeniably make trial easier and less expensive. As stated above,

15

**MOTION TO DISMISS OR TO TRANSFER**

multiple partners of GNR are located in California, and if this action is transferred, they will not have to travel to Arizona for pre-trial and trial proceedings. In addition, both Plaintiff's and GNR's counsel are also located in Los Angeles, California and would have to travel to Arizona to participate in this case.

Finally, the relative congestion between this Court and the Central District of California also favors transfer. According to the Federal Court Management Statistics, as of December 31, 2025, the median time from filing to trial for civil cases was 45.4 months in Arizona, compared to 25.5 months in the Central District of California. Ismaj Decl., Ex. A. The time to trial in the Central District is over a year and a half shorter than in Arizona. Thus, this factor weighs in favor of transfer. *Pierrucci*, 2020 WL 5439534, at *6 (considering relative court congestion, difference of even only seven months favored transfer).

\*        \*        \*

As set forth above, nearly every relevant transfer factor favors the Central District of California. The only factor that even arguably weighs against transfer is Plaintiff's choice to file suit in Arizona, ignoring that Arizona lacks personal jurisdiction over GNR and that none of the operative facts arose in this forum. But as set forth above, this factor is not dispositive. In light of the overwhelming weight of the other factors, transfer of this action to the Central District of California is warranted.

**V.   CONCLUSION**

For the reasons set forth above, GNR respectfully requests that this action be dismissed for lack of personal jurisdiction over GNR. In the alternative, GNR requests that this action be transferred to the Central District of California.

| | |
|---|---|
| DATED: MARCH 13, 2026 | BRADLEY J. MULLINS<br>GABRIELLA N. ISMAJ<br>MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ *Gabriella N. Ismaj*<br>   Bradley J. Mullins<br>   Gabriella N. Ismaj<br>   Attorneys for Defendant Guns N' Roses |