**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alan G Niven,

        Plaintiff,

v.

Guns N' Roses, et al.,

        Defendants.

No. CV-25-08236-PCT-SMM

**ORDER**

This matter is before the Court on Defendant Guns N' Roses' Motion to Dismiss or, in the Alternative, to Transfer. (Doc. 16). Plaintiff filed a response (Doc. 17) and Defendant filed a reply (Doc. 18). The Court finds that resolution of the Motion is appropriate without oral argument. For the following reasons, the Court grants Defendant's Motion to Transfer Venue. (Doc. 16).

## I.    BACKGROUND

On November 4, 2025, Plaintiff Alan G. Niven ("Mr. Niven") commenced this lawsuit against Defendant Guns N' Roses ("Guns N' Roses"). (Doc. 1). Mr. Niven contends that from 1985 until 1991 he was the music manager of Los Angeles based hard rock bank Guns N' Roses. (Id. at ¶¶ 2, 15). Mr. Niven further contends that in 1991 he decided to part ways with Guns N' Roses, and that on or about April 26, 1991, Mr. Niven and Guns N' Roses entered into a Settlement Agreement and Mutual Release (the "1991 Settlement Agreement"). (Id. at ¶16). The 1991 Settlement Agreement contained a broad "Privacy/Confidentiality" provision, whereby Mr. Niven agreed to not disclose any

information he acquired in connection with the services he performed for Guns N' Roses. (Id. at ¶17).

In 2024, Mr. Niven wrote an autobiography entitled Sound N' Fury: Rock N' Roll Stories, that has been printed by Toronto-based ECW Press. (Id. at ¶¶ 3, 25). Mr. Niven alleges that Sound N' Fury consists of anecdotes about his career, including stories involving the members of Guns N' Roses. (Id.) Mr. Niven alleges that, on May 9, 2025, Guns N' Roses's attorney sent a letter to him stating that his publication of Sound N' Fury violates the confidentiality provision of the 1991 Settlement Agreement and demanding that Mr. Niven cease from publishing or promoting his book. (Id. at ¶¶ 4, 26). Mr. Niven further alleges that, as a result, the distribution of Sound N' Fury has been delayed. (Id. at ¶¶ 4, 27).

In the Complaint, Mr. Niven asserts two claims for declaratory judgment (Id. at ¶¶ 33-43), which seek declarations that (i) the 1991 Settlement Agreement and/or its confidentiality provision are void and unenforceable, and (ii) Plaintiff's publication of Sound N' Fury does not breach the 1991 Settlement Agreement, and if it does, any breach is excused on the basis of estoppel, waiver, statute of limitations or freedom of speech. (Id.) Mr. Niven also asserts a claim for tortious interference with his contract with ECW Press. (Id. at ¶¶ 44-50).

## II.    LEGAL STANDARD

A civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is located." 28 U.S.C. § 1391(b). If the current venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Normally transfer will be in the interest of justice because. . .dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (citing Goldlawr, Inc. v. Heiman, 369

U.S. 463, 467 (1962)). Simply stated, "[i]f a case falls within one of § 1391(b)'s districts, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 50 (2013).

### III.   DISCUSSION

Guns N' Roses moves to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer under 28 U.S.C. § 1404(a). (Doc. 16). Guns N' Roses incorrectly moved the Court to dismiss this action under Rule 12(b)(2)(lack of personal jurisdiction) instead of Rule 12(b)(3)(improper venue), so the Court will first evaluate whether venue is proper in the District of Arizona under § 1391; then, if venue is improper, whether dismissal or transfer is appropriate under § 1406(a), or if venue is proper, whether transfer is appropriate under § 1404(a). For the following reasons, the Court finds that venue is improper in the District of Arizona and will transfer this action to the Central District of California.

### A.  Whether Venue is Proper in the District of Arizona

1.  Residence Venue

Under 28 U.S.C. § 1391(b)(1), venue is proper in any district where a defendant "resides." Also, "an entity with the capacity to sue and be sued" is "deemed to reside. . .in any judicial district in which. . .[it] is subject to the court's personal jurisdiction," 28 U.S.C. § 1391(c)(2). A "partnership is a citizen of all of the states of which its partners are citizens[.]" Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Guns N' Roses is a California partnership, its members are citizens of California and Washington, and its principal place of business is Tennessee. (See Docs. 15; 16-2). Further, Mr. Niven concedes that Guns N' Roses is not subject to general personal jurisdiction in the District of Arizona. (See Doc. 17). Accordingly, the Court finds that Guns N' Roses is not an Arizona resident, so venue is improper in Arizona based on Guns N' Roses' residency. 28 U.S.C. § 1391(b)(1).

2.  Transactional Venue

Under 28 U.S.C. § 1391(b)(2), venue is proper in the district where "a substantial part of the events or omissions giving rise to the claim occurred." In this case, it is undisputed that the 1991 Agreement was executed outside of Arizona. (Docs. 16 at 9; 17 at 10). It is also undisputed that Guns N' Roses committed an intentional act of sending a cease-and-desist letter to prevent Mr. Niven from publishing his book Sound N' Fury. (Doc. 18 at 4). But Guns N' Roses contends that it did not commit an intentional act expressly aimed at Arizona, and that the Complaint does not allege that any of the alleged harm arose out of any Arizona related activity. (Doc. 16 at 10-11). In response, Mr. Niven contends Guns N' Roses committed an intentional act aimed at Arizona when Guns N' Roses' attorney sent a letter to Mr. Niven asserting that he violated the 1991 agreement and allegedly threatened injunctive and compensatory relief if he published or promoted his book. (Doc. 17 at 6). But Mr. Niven already conceded that the cease-and-desist letter was sent from Guns N' Roses' attorneys in California to Mr. Niven's litigation counsel in California. (Docs. 18 at 4; 17-2). It also appears that the only connection to Arizona in this case is Mr. Niven's current residence.

The Court finds that a substantial part of the events leading to Mr. Niven's claims did not occur in Arizona. See Walden v. Fiore, 571 U.S. 277, 291 (2014) ("[i]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State. . . . the mere fact that [] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction"); see also Picot v. Weston, 780 F.3d 1206, 1215 (no jurisdiction where alleged injury was personal to plaintiff and would follow him wherever he might choose to live or travel). Accordingly, venue is improper in the District of Arizona, and the Court will decline Mr. Niven's request for jurisdictional discovery. (Doc. 17 at 9).

### 3.  Whether Venue Is Proper in Transferee Court

Venue is proper "in a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). In this case, neither party disputes that venue is proper in the Central District of California. (Docs. 16, 17). Defendant Guns N' Roses is a California partnership, its

members are citizens of California and Washington, and its principal place of business is Tennessee. (See Docs. 15; 16-2). Because "an entity with the capacity to sue and be sued" is "deemed to reside. . .in any judicial district in which. . .[it] is subject to the court's personal jurisdiction," venue is proper in the Central District of California. 28 U.S.C. § 1391(c)(2).

### 4.  Whether Transfer is in the Interest of Justice

Guns N' Roses requests that the Court transfer this action to the Central District of California under 28 U.S.C. § 1404(a). But the two transfer statutes, 28 U.S.C. §§ 1404(a) and 1406(a), allow for transfer to another district in slightly different situations. Section 1404(a) applies when venue is proper in the original court, venue would have been proper in an alternative venue, and transfer to that alternative venue would be more convenient for the parties and witnesses. In contrast, section 1406(a) applies when venue is improper in the original court and transfer to an alternative venue is "in the interest of justice."

Thus, now that the Court has concluded that Mr. Niven filed his case in the wrong district, the Court must either "dismiss for improper venue" or "transfer [the] case" to the proper district if it would "be in the interest of justice" to do so. See 28 U.S.C. § 1406(a). But because "dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating," courts usually find that transfer is in the interest of justice. Hambrick, 905 F.2d at 262 (simplified). Accordingly, the Court will transfer this case to the Central District of California and will not address Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

For the reasons set forth,

**IT IS ORDERED granting in-part** Defendant's Motion to Dismiss or, in the alternative, to Transfer. (Doc. 16).

**IT IS FURTHER ORDERED granting** Defendant's Motion to Transfer. (Doc. 16).

**IT IS FURTHER ORDERED denying** Defendant's Motion to Dismiss as **moot**. (Doc. 16).

**IT IS FURTHER ORDERED transferring** this case to the United States District Court for the Central District of California under 28 U.S.C § 1406(a).

Dated this 12th day of June, 2026.

_____
Stephen M. McNamee
Senior United States District Judge